ALBERT SANSONE *et ux. vs.* THE PHENIX NATIONAL BANK
OF PROVIDENCE.

FEBRUARY 19, 1957.

PRESENT: Flynn, C. J., Condon, Roberts and Paolino, JJ.

CONDON, J. This is an action of trover and conversion which was heard by a justice of the superior court and decided in favor of the defendant. The case is here on the plaintiffs' exception to such decision.

The facts out of which the controversy between the parties arose are undisputed, but plaintiffs contend that the trial justice did not apply the correct rule of law thereto. Each party claims the right to possession of a certain tractor described as a "1949 G.M.C. Diesel Tractor, Model 750, Serial No. 1373, engine number 4A2815." The plaintiffs base their claim on a chattel mortgage from Edith Suprenard dated July 14, 1952 and recorded in the records of personal property mortgages in the city of Pawtucket on September 8, 1952. The defendant relies on a similar mortgage from Alfred Arvisais, dated October 23, 1952. For breach of the conditions thereof it took possession of the tractor on May 10, 1953. Thereafter upon defendant's refusal to surrender it to them on their demand plaintiffs brought the instant action.

It further appears from the undisputed facts that during the week of July 4, 1952 plaintiff Albert Sansone and Edith Suprenard went to the White Motor Company in the city of Buffalo, New York, to inspect the above-described tractor. After such inspection Edith Suprenard decided to purchase it, but being without the necessary funds she returned to Pawtucket where, on July 14, 1952, plaintiffs loaned her

$2,850, the price of the tractor, and in return she gave them her promissory note for that amount and the above-described chattel mortgage as collateral security. She then returned to Buffalo in the company of the aforementioned Alfred Arvisais and purchased the tractor on July 16, 1952. She received from the White Motor Company invoice No. LF71375 which stated: "Sold to Edith Suprenard, 406 Pawtucket St, Pawtucket, R. I., one used G.M.C. Tractor (1949) Car #56-283 'As Is' F.O.B. Buffalo, N. Y. Received payment in full $2,850." However, on the same day said company issued to Alfred Arvisais a New York certificate of sale No. F-421870. The tractor was driven to Pawtucket and registered in the state of Rhode Island in the name of Alfred Arvisais. The plaintiffs had no knowledge of the certificate of title which was issued to Arvisais nor of his mortgage of the tractor to defendant.

On these facts it would appear doubtful that the legal title to the tractor ever passed to Edith Suprenard. But assuming without deciding that it did, it could not have passed until July 16, 1952, which was two days subsequent to her mortgage to these plaintiffs. In other words, on July 14, 1952, the date on which Edith Suprenard conveyed her title to the tractor, she had no title to convey nor did she have on that date a contract of sale with White Motor Company for this specific tractor which would have vested in her a right to demand the transfer to her of the title. In such circumstances it is well established in this state that a chattel mortgage like the Suprenard mortgage here, even though by its terms it undertakes to cover after-acquired property, conveys no title to such property which is valid at law. *Williams* v. *Briggs,* 11 R. I. 476. In that case this court, at page 477, stated: "We think such a mortgage is ineffectual to transfer the legal title of the property subsequently acquired, unless when acquired possession thereof is given to the mortgagee, or taken by him under the mortgage."

However, plaintiffs argue that this rule is not applicable to a single, continuous transaction where the vendee can be considered as having possession at the time the mortgage is made, and they rely upon *Personal Finance Co. of Providence* v. *Henley-Kimball Co.,* 61 R. I. 402, 406. The answer to that contention is that Edith Suprenard was not a vendee of White Motor Company on July 14, 1952 when she undertook to convey title to the tractor to plaintiffs. In the above-cited case the mortgagee was deemed by this court to be a conditional vendee at the time he made the mortgage to the Personal Finance Co. of Providence, because both transactions "were to all intents and purposes simultaneous."

In that case we further pointed out that the mortgagor, to the knowledge of his mortgagee, had an agreement in writing to purchase the automobile in question. That is not the situation disclosed by the undisputed facts in the case at bar. Therefore there is no merit in the plaintiffs' contention that the trial justice erroneously applied the law to the undisputed facts before him. He was correct in holding that the rule laid down in *Williams* v. *Briggs, supra,* applied here.

The plaintiffs' exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Carmine R. Santaniello,* for plaintiffs.

*William F. Fidalgo,* for defendant.